UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY A. WILLY,<br><br>      Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>      Defendant. | Case No. 1:18-cv-03934 |

**COMPLAINT AND JURY DEMAND**

Come now Plaintiffs, Jeffrey A. Willy, Ph.D. ("Mr. Willy" and "Plaintiff"), by counsel, for his cause of action against Defendant Eli Lilly and Company ("Eli Lilly" and "Defendant"), alleges and states as follows:

**Jurisdiction and Venue**

1. This Action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e – 2000e-17) ("Title VII"), and for equal rights under Section 102 of the Civil Rights Act of 1991 (42 U.S.C. § 1981a).

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a).

3. At all times relevant to this action, Mr. Willy resided in and worked within the Southern District of Indiana.

4. Eli Lilly is a domestic corporation that does business within the Southern District of Indiana.

## Parties

5. The Plaintiff is Jeffrey A. Willy is a citizen of the United States and resides at 3695 Caminito Carmel Lndg., San Diego, CA 92130.

6. At all relevant times, Mr. Willy was an "employee" within the meaning of Title VII.

7. The Defendant Eli Lilly and Company is a Domestic For-Profit Corporation with a principal office located at Lilly Corporate Center, Indianapolis, IN 46285 doing business in Indiana.

8. The alleged discriminatory and retaliatory practices occurred in Indianapolis, Indiana.

9. At all relevant times, Eli Lilly was an "employer" within the meaning of Title VII.

## Administrative Procedures

10. On or about July 25, 2018, Mr. Willy timely filed his charge of gender, gender stereotype, and sexual orientation discrimination/hostile work environment and retaliation against Eli Lilly with the Indianapolis District Office of the Equal Opportunity Commission (the "EEOC").

11. On or about September 19, 2018, the EEOC issued Mr. Willy's Dismissal and Notice of Rights, which was received September 21, 2018. A copy of the Dismissal Notice of Rights are attached hereto as Exhibit 1.

12. This civil action is being initiated within ninety (90) days of Mr. Willy's receipt of the EEOC Dismissal and Notice of Rights.

## Factual Allegations

13. Jeffrey A. Willy is a man. He is a private person. His sexual orientation is homosexual.

14. Mr. Willy received his Bachelor of Science Degree in Molecular Genetics from the University of Rochester in 2006.

15. Mr. Willy received his Master's of Science Degree in Biology in 2010 from Purdue University.

16. Mr. Willy received his Doctor of Philosophy (Ph.D.), in Biochemistry and Molecular Biology, in 2016 from the Indiana University School of Medicine.

17. Mr. Willy began working for Eli Lilly in November of 2007 as a Toxicologist.

18. Mr. Willy was promoted to a Senior Toxicologist in March 2012.

19. Mr. Willy was promoted to a Consultant Toxicologist in March 2016.

20. Mr. Willy was converted to a Research Scientist in October 2016.

21. Mr. Willy was constructively terminated from Eli Lilly and Company in September 2018 due to ongoing harassment, discrimination, and retaliation among other things.

22. In his time at Eli Lilly and Company, Mr. Willy has received more than 20 certificates (a/k/a inspire points and/or spotlight points) recognizing the excellence in his performance.

23. Since his first week of employment, Mr. Willy endured harassment, a hostile work environment, and discrimination based on his gender, gender stereotypes, and sexual orientation.

24. Among other things, in 2007, he was told that his co-worker was glad the he was hired, because they were considering another individual who was homosexual and that other individual would not have fit in.

25. In approximately 2009, Mr. Willy's supervisor told him directly, "I hate fags. Well, not all fags, just the flamboyant ones."

26. In approximately 2009, Mr. Willy filled out a company-wide survey that was alleged to be confidential that included questions regarding sexual orientation and age.

27. In said "confidential" survey, Mr. Willy indicated, among other things, that his supervisor needed to work on the areas of communication skills and diversity.

28. Later in approximately 2009, during Mr. Willy's end of the year review, his supervisor quoted his responses from the "confidential" survey during his end of the year review and he received a low ranking and raise.

29. In 2017, Mr. Willy was waiting for an attendant to finish cleaning the men's bathroom when Mr. Willy was approached by a co-worker who told him, "Well, just use the women's room, if all the weirdo transgenders are using whatever restroom they want to, the rest of us might as well."

30. Plaintiff reported these behaviors and actions to supervisors, managers, directors, and human resources.

31. These reports had no deterrence effect on the harassment and discrimination, and resulted in retaliation by superiors.

32. Further actions and threats were undertaken to deter further reporting of harassment and discrimination.

33. Plaintiff was denied compensation, promotions, lab support, work opportunities and other benefits of monetary value due to the harassment, discrimination, and the reporting of said actions.

34. In the fall of 2017, Anja Stauber, the superior of Mr. Willy at the time, was made aware of Mr. Willy's sexual orientation.

35. Since said disclosure, Mr. Willy was treated differently than his peers of similarly situated positions with different sexual orientations that also report to Stauber.

36. In March of 2018, Plaintiff reported harassment and discrimination to the Eli Lilly Human Resources Department.

37. As a result of this report and subsequent investigation among other things, Plaintiff received significant retaliation from Eli Lilly that led to being blocked from attendance and speaking opportunities at conferences, raises, promotions, and other compensation like those similarly situated to Plaintiff with different sexual orientations.

38. Plaintiff had been informed several times that he needed to "earn the trust" back from his superiors after reporting the harassment and discrimination to Human Resources.

39. After Mr. Willy's superiors were informed of the complaint made to Human Resources, Plaintiff's employment reviews were altered and subsequent reviews were completed with negative marks despite the consistent history of excellence in his field that Mr. Willy exhibited for years.

40. On May 1, 2018, Mr. Willy's superior, Anja Stauber ("Ms. Stauber"), set key deliverables that were originally requested on March 11, 2018.

41. On May 1, 2018, Ms. Stauber recommended Mr. Willy decline a speaking engagement that would have allowed Mr. Willy to strengthen a business relationship with a collaborator.

42. On several occasions, Mr. Willy was left out of key meetings, as was known by Ms. Stauber.

43. On May 4, 2018 and May 19, 2018, Mr. Willy contacted Human Resources with no response.

44. Since Mr. Willy reported his concerns to Human Resources, Ms. Stauber increased one-on-one meetings which were hostile and intimidating in nature.

45. Mr. Willy notified Human Resources of the hostility and intimidating nature of the one-on-ones and made requests for an advocate at such meetings, and said requests were ignored.

46. Eli Lilly and Company's decision not to promote or treat Mr. Willy in the same manner as employees similarly situated of a different sexual orientation was motivated by Plaintiff's sex and sexual orientation. Eli Lilly and Company did not take adverse action against men who were attracted to, dating, or living with women. Defendant disadvantaged Plaintiff because he did not conform to gender stereotypes and norms about men, was treated less favorably than women who were attracted to men, and he has experienced "paradigmatic sex discrimination" under Title VII.

47. As a result of Eli Lilly and Company's harassing and discriminatory actions, Plaintiff was constructively discharged and left his position to take a new position with a different company, which resulted in the surrender of a significant potential value of a pension.

## COUNT I

### (Title VII - Hostile Work Environment, 42 U.S.C. §2000(e), *et. seq.*)

48. Plaintiff hereby incorporates rhetorical paragraphs 1 through 47 of his Complaint as if fully set forth herein.

49. Mr. Willy was subjected to a hostile work environment.

50. The hostile work environment was discriminatory in nature due to Mr. Willy's protected class, severe, pervasive, and unwelcome.

51. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

52. Defendant's conduct was deliberate, willful, and in reckless disregard for Mr. Willy's civil rights.

53. Mr. Willy has suffered damages as a result of Defendant's unlawful conduct.

## COUNT II

**(Title VII – Gender Discrimination, 42 U.S.C. §2000(e), *et. seq.*)**

54. Plaintiff hereby incorporates rhetorical paragraphs 1 through 53 of his Complaint as if fully set forth herein.

55. Mr. Willy was subjected to harassment, discrimination, less favorable terms, conditions and different job assignments in his employment with the Defendant because of his gender.

56. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

57. Defendant's conduct was deliberate, willful, and in reckless disregard for Mr. Willy's civil rights.

58. Mr. Willy has suffered damages as a result of Defendant's unlawful conduct.

## COUNT III

**(Title VII – Gender Stereotype Discrimination, 42 U.S.C. §2000(e), *et. seq.*)**

59. Plaintiff hereby incorporates rhetorical paragraphs 1 through 58 of his Complaint as if fully set forth herein.

60. Mr. Willy was subjected to harassment, abuse, discrimination, was forced to work in a hostile work environment and faced adverse employment actions because of animus toward Mr. Willy's exhibition of behavior considered to be stereotypically inappropriate for men.

61. The animus was condoned and allowed to continue by ignoring the actions undertaken by employees of Eli Lilly, and the refusal to issue corrective actions upon reporting, and instead punishing Mr. Willy.

62. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

63. Defendant's conduct was deliberate, willful, and in reckless disregard for Mr. Willy's civil rights.

64. Mr. Willy has suffered damages as a result of Defendant's unlawful conduct.

## COUNT IV

**(Title VII – Sexual Orientation Discrimination, 42 U.S.C. §2000(e), *et. seq.*)**

65. Plaintiff hereby incorporates rhetorical paragraphs 1 through 64 of his Complaint as if fully set forth herein.

66. Mr. Willy was subjected to harassment, discrimination, less favorable terms, conditions and different job assignments in his employment with the Defendant because of his sexual orientation.

67. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

9

68. Defendant's conduct was deliberate, willful, and in reckless disregard for Mr. Willy's civil rights.

69. Mr. Willy has suffered damages as a result of Defendant's unlawful conduct.

## COUNT V

### (Title VII – Retaliation/Failure to Investigate/Constructive Discharge, 42 U.S.C. §2000(e), *et. seq.*)

70. Plaintiff hereby incorporates rhetorical paragraphs 1 through 69 of his Complaint as if fully set forth herein.

71. Mr. Willy was subjected to less favorable terms, conditions and different job assignments in his employment with the Defendant because of his reporting of harassment, a hostile work environment, and discrimination and was constructively discharged.

72. Eli Lilly knowingly and intentionally refused to adequately and sufficiently investigate Mr. Willy's complaints.

73. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

74. Defendant's conduct was deliberate, willful, and in reckless disregard for Mr. Willy's civil rights.

75. Mr. Willy has suffered damages as a result of Defendant's unlawful conduct.

## RELIEF REQUESTED

Each of the above counts constitutes a separate violation of 42 U.S.C. § 2000e, *et seq*. For each of these violations, Jeffrey A. Willy seeks to recover the following:

1. compensatory damages in an amount to be determined by a jury;

2. punitive damages in an amount to be determined by a jury;

3. reasonable expenses, including but not limited to attorney fees pursuant to 42 U.S.C. § 2000e, *et seq.*; and

4. any further relief that may be appropriate.

    Respectfully submitted,

    TATE & BOWEN LLP

    /s/ *Brandon E. Tate*
    Brandon E. Tate (#31531-49)
    TATE & BOWEN LLP
    156 East Market Street, Suite 300
    Indianapolis, IN 46204
    317.296.5294
    Fax: 317.423.0772
    brandon.tate@tatebowenlaw.com

    Tarah M. Baldwin (#32317-49)
    BALDWIN MAPLES & WILLIAMS, LLC
    6856 N Keystone Avenue
    Indianapolis, IN 46220
    317.871.1948
    Fax: 317.203.7483
    tarah@bmw.law

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure Rule 38(B), Plaintiff respectfully demand a trial by jury on all issues so triable.

/s/ *Brandon E. Tate*
Brandon E. Tate (#31531-49)
