UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY A. WILLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-cv-03934-RLY-DML |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO
## COMPLAINT AND JURY DEMAND

Defendant, Eli Lilly and Company ("Lilly"), by counsel, answers Plaintiff's Complaint and Jury Demand ("Complaint"), in accordance with its numbered paragraphs, as follows:

### Jurisdiction and Venue

1.      This Action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e — 2000e-17) ("Title VII"), and for equal rights under Section 102 of the Civil Rights Act of 1991 (42 U.S.C. § 1981a).

**ANSWER:**  Lilly admits that Plaintiff brings this action pursuant Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e — 2000e-17) ("Title VII"), and for equal rights under Section 102 of the Civil Rights Act of 1991 (42 U.S.C. § 1981a).  Lilly denies that it violated any law.

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER:**  Lilly admits that this Court has jurisdiction over Plaintiff's action.

3.      At all times relevant to this action, Mr. Willy resided in and worked within the Southern District of Indiana.

**ANSWER:**  Lilly admits that Plaintiff worked for Lilly in the Southern District of Indiana. Lilly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint.

US.121293476.02

4.     Eli Lilly is a domestic corporation that does business within the Southern District of Indiana.

**ANSWER:**  Lilly admits the allegations contained in Paragraph 4 of the Complaint.

### Parties

5.     The Plaintiff is [sic] Jeffrey A. Willy is a citizen of the United States and resides at 3695 Caminito Carmel Lndg., San Diego, CA 92130.

**ANSWER:**  Lilly admits that Plaintiff is a citizen of the United States.  Lilly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint.

6.     At all relevant times, Mr. Willy was an "employee" within the meaning of Title VII.

**ANSWER:**  Lilly admits the allegations contained in Paragraph 6 of the Complaint.

7.     The Defendant Eli Lilly and Company is a Domestic For-Profit Corporation with a principal office located at Lilly Corporate Center, Indianapolis, IN 46285 doing business in Indiana.

**ANSWER:**  Lilly admits the allegations contained in Paragraph 7 of the Complaint.

8.     The alleged discriminatory and retaliatory practices occurred in Indianapolis, Indiana.

**ANSWER:**  Lilly admits that Plaintiff is alleging that discriminatory and retaliatory practices occurred in Indianapolis, Indiana.  Lilly denies that any discriminatory or retaliatory practices occurred and denies any remaining allegations contained in Paragraph 8 of the Complaint.

9.     At all relevant times, Eli Lilly was an "employer" within the meaning of Title VII.

**ANSWER:**  Lilly admits the allegations contained in Paragraph 9 of the Complaint.

### Administrative Procedures

10.     On or about July 25, 2018, Mr. Willy timely filed his charge of gender, gender stereotype, and sexual orientation discrimination/hostile work environment and retaliation against Eli Lilly with the Indianapolis District Office of the Equal Opportunity Commission (the "EEOC").

US.121293476.02

**ANSWER:**  Lilly admits that Plaintiff filed a Charge of Discrimination against Lilly alleging sex discrimination and retaliation that was dated July 25, 2018, with the Indianapolis District Office of the Equal Opportunity Commission ("EEOC").  Lilly is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 10 of the Complaint.

11.    On or about September 19, 2018, the EEOC issued Mr. Willy's Dismissal and Notice of Rights, which was received September 21, 2018. A copy of the Dismissal Notice of Rights are [sic] attached hereto as Exhibit 1.

**ANSWER:**  Lilly admits that the EEOC issued a Dismissal and Notice of Rights dated September 19, 2018, and admits that a copy is attached as Exhibit 1 to the Complaint.  Lilly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12.    This civil action is being initiated within ninety (90) days of Mr. Willy's receipt of the EEOC Dismissal and Notice of Rights.

**ANSWER:**  Lilly is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint.

**Factual Allegations**

13.    Jeffrey A. Willy is a man. He is a private person. His sexual orientation is homosexual.

**ANSWER:**  Lilly admits that Plaintiff identifies as a man.  Lilly is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13 of the Complaint.

14.    Mr. Willy received his Bachelor of Science Degree in Molecular Genetics from the University of Rochester in 2006.

**ANSWER:**  Lilly admits the allegations contained in Paragraph 14 of the Complaint.

15.    Mr. Willy received his Master's [sic] of Science Degree in Biology in 2010 from Purdue University.

- 3 -

**ANSWER:** Lilly admits the allegations contained in Paragraph 15 of the Complaint.

16.     Mr. Willy received his Doctor of Philosophy (Ph.D.), in Biochemistry and Molecular Biology, in 2016 from the Indiana University School of Medicine.

**ANSWER:** Lilly admits the allegations contained in Paragraph 16 of the Complaint.

17.     Mr. Willy began working for Eli Lilly in November of 2007 as a Toxicologist.

**ANSWER:** Lilly admits the allegations contained in Paragraph 17 of the Complaint.

18.     Mr. Willy was promoted to a Senior Toxicologist in March 2012.

**ANSWER:** Lilly admits the allegations contained in Paragraph 18 of the Complaint.

19.     Mr. Willy was promoted to a Consultant Toxicologist in March 2016.

**ANSWER:** Lilly admits the allegations contained in Paragraph 19 of the Complaint.

20.     Mr. Willy was converted to a Research Scientist in October 2016.

**ANSWER:** Lilly admits that Plaintiff was promoted to a Research Scientist in October 2016. Lilly denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Mr. Willy was constructively terminated from Eli Lilly and Company in September 2018 due to ongoing harassment, discrimination, and retaliation among other things.

**ANSWER:** Lilly denies the allegations contained in Paragraph 21 of the Complaint.

22.     In his time at Eli Lilly and Company, Mr. Willy has received more than 20 certificates (a/k/a inspire points and/or spotlight points) recognizing the excellence in his performance.

**ANSWER:** Lilly admits that Plaintiff received more than twenty (20) inspire and/or spotlight points from other Lilly employees. Lilly denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Since his first week of employment, Mr. Willy endured harassment, a hostile work environment, and discrimination based on his gender, gender stereotypes, and sexual orientation.

**ANSWER:** Lilly denies the allegations contained in Paragraph 23 of the Complaint.

24.     Among other things, in 2007, he was told that his co-worker was glad the he was hired, because they were considering another individual who was homosexual and that other individual would not have fit in.

US.121293476.02

**ANSWER:**  Lilly denies the allegations contained in Paragraph 24 of the Complaint.

25.     In approximately 2009, Mr. Willy's supervisor told him directly, "I hate fags. Well, not all fags, just the flamboyant ones."

**ANSWER:**  Lilly denies the allegations contained in Paragraph 25 of the Complaint.

26.     In approximately 2009, Mr. Willy filled out a company-wide survey that was alleged to be confidential that included questions regarding sexual orientation and age.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 26 of the Complaint.

27.     In said "confidential" survey, Mr. Willy indicated, among other things, that his supervisor needed to work on the areas of communication skills and diversity.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 27 of the Complaint.

28.     Later in approximately 2009, during Mr. Willy's end of the year review, his supervisor quoted his responses from the "confidential" survey during his end of the year review and he received a low ranking and raise.

**ANSWER:**  Lilly admits that Plaintiff received a base pay increase after his performance

review in 2009.  Lilly denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.     In 2017, Mr. Willy was waiting for an attendant to finish cleaning the men's bathroom when Mr. Willy was approached by a co-worker who told him, "Well, just use the women's room, if all the weirdo transgenders are using whatever restroom they want to, the rest of us might as well."

**ANSWER:**  Lilly denies the allegations contained in Paragraph 29 of the Complaint.

30.     Plaintiff reported these behaviors and actions to supervisors, managers, directors, and human resources.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 30 of the Complaint.

31.     These reports had no deterrence effect on the harassment and discrimination, and resulted in retaliation by superiors.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 31 of the Complaint.

32.     Further actions and threats were undertaken to deter further reporting of harassment and discrimination.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 32 of the Complaint.

US.121293476.02

33.     Plaintiff was denied compensation, promotions, lab support, work opportunities and other benefits of monetary value due to the harassment, discrimination, and the reporting of said actions.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 33 of the Complaint.

34.     In the fall of 2017, Anja Stauber, the superior of Mr. Willy at the time, was made aware of Mr. Willy's sexual orientation.

**ANSWER:**  Lilly admits that Plaintiff voluntarily disclosed his sexual orientation to Anja

Stauber ("Stauber"), his former supervisor.  Lilly is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the

Complaint.

35.     Since said disclosure, Mr. Willy was treated differently than his peers of similarly situated positions with different sexual orientations that also report to Stauber.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 35 of the Complaint.

36.     In March of 2018, Plaintiff reported harassment and discrimination to the Eli Lilly Human Resources Department.

**ANSWER:**  Lilly admits that, in March 2018, Plaintiff made a report to Lilly's Human

Resources department.  Lilly denies the remaining allegations contained in Paragraph 36 of the

Complaint.

37.     As a result of this report and subsequent investigation among other things, Plaintiff received significant retaliation from Eli Lilly that led to being blocked from attendance and speaking opportunities at conferences, raises, promotions, and other compensation like those similarly situated to Plaintiff with different sexual orientations.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 37 of the Complaint.

38.     Plaintiff had been informed several times that he needed to "earn the trust" back from his superiors after reporting the harassment and discrimination to Human Resources.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 38 of the Complaint.

39.     After Mr. Willy's superiors were informed of the complaint made to Human Resources, Plaintiff's employment reviews were altered and subsequent reviews were completed with negative marks despite the consistent history of excellence in his field that Mr. Willy exhibited for years.

**ANSWER:** Lilly denies the allegations contained in Paragraph 39 of the Complaint.

40.    On May 1, 2018, Mr. Willy's superior, Anja Stauber ("Ms. Stauber"), set key deliverables that were originally requested on March 11, 2018.

**ANSWER:** Lilly admits that, on March 11, 2018, Stauber, Plaintiff's supervisor, set forth deliverables for Plaintiff to meet.  Lilly denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.    On May 1, 2018, Ms. Stauber recommended Mr. Willy decline a speaking engagement that would have allowed Mr. Willy to strengthen a business relationship with a collaborator.

**ANSWER:** Lilly denies the allegations contained in Paragraph 41 of the Complaint.

42.    On several occasions, Mr. Willy was left out of key meetings, as was known by Ms. Stauber.

**ANSWER:** Lilly denies the allegations contained in Paragraph 42 of the Complaint.

43.    On May 4, 2018 and May 19, 2018, Mr. Willy contacted Human Resources with no response.

**ANSWER:** Lilly denies the allegations contained in Paragraph 43 of the Complaint.

44.    Since Mr. Willy reported his concerns to Human Resources, Ms. Stauber increased one-on-one meetings which were hostile and intimidating in nature.

**ANSWER:** Lilly denies the allegations contained in Paragraph 44 of the Complaint.

45.    Mr. Willy notified Human Resources of the hostility and intimidating nature of the one-on-ones and made requests for an advocate at such meetings, and said requests were ignored.

**ANSWER:** Lilly denies the allegations contained in Paragraph 45 of the Complaint.

46.    Eli Lilly and Company's decision not to promote or treat Mr. Willy in the same manner as employees similarly situated of a different sexual orientation was motivated by Plaintiff's sex and sexual orientation. Eli Lilly and Company did not take adverse action against men who were attracted to, dating, or living with women. Defendant disadvantaged Plaintiff because he did not conform to gender stereotypes and norms about men, was treated less favorably than women who were attracted to men, and he has experienced "paradigmatic sex discrimination" under Title VII.

**ANSWER:** Lilly denies the allegations contained in Paragraph 46 of the Complaint.

47.     As a result of Eli Lilly and Company's harassing and discriminatory actions, Plaintiff was constructively discharged and left his position to take a new position with a different company, which resulted in the surrender of a significant potential value of a pension.

**ANSWER:** Lilly admits that Plaintiff voluntarily left his position at Lilly and took a new position at a different company.  Lilly denies the remaining allegations contained in Paragraph 47 of the Complaint.

## COUNT I

### (Title VII - Hostile Work Environment, 42 U.S.C. §2000(e), *et. seq.*)

48.     Plaintiff hereby incorporates rhetorical paragraphs 1 through 47 of his Complaint as if fully set forth herein.

**ANSWER:** Lilly incorporates by reference its answers to Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.     Mr. Willy was subjected to a hostile work environment.

**ANSWER:** Lilly denies the allegations contained in Paragraph 49 of the Complaint.

50.     The hostile work environment was discriminatory in nature due to Mr. Willy's protected class, severe, pervasive, and unwelcome.

**ANSWER:** Lilly denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*.

**ANSWER:** Lilly denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant's conduct was deliberate, willful, and in reckless disregard for Mr. Willy's civil rights.

**ANSWER:** Lilly denies the allegations contained in Paragraph 52 of the Complaint.

53.     Mr. Willy has suffered damages as a result of Defendant's unlawful conduct.

**ANSWER:** Lilly denies the allegations contained in Paragraph 53 of the Complaint.

US.121293476.02

## COUNT II

### (Title VII - Gender Discrimination, 42 U.S.C. §2000(e), *et. seq.*)

54.     Plaintiff hereby incorporates rhetorical paragraphs 1 through 53 of his Complaint as if fully set forth herein.

**ANSWER:**  Lilly incorporates by reference its answers to Paragraphs 1 through 53 of the

Complaint as if fully set forth herein.

55.     Mr. Willy was subjected to harassment, discrimination, less favorable terms, conditions and different job assignments in his employment with the Defendant because of his gender.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

**ANSWER:**  Lilly denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant's conduct was deliberate, willful, and in reckless disregard for Mr. Willy's civil rights.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 57 of the Complaint.

58.     Mr. Willy has suffered damages as a result of Defendant's unlawful conduct.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 58 of the Complaint.

## COUNT III

### (Title VII - Gender Stereotype Discrimination, 42 U.S.C. §2000(e), *et. seq.*)

59.     Plaintiff hereby incorporates rhetorical paragraphs 1 through 58 of his Complaint as if fully set forth herein.

**ANSWER:**  Lilly incorporates by reference its answers to Paragraphs 1 through 58 of the

Complaint as if fully set forth herein.

60.     Mr. Willy was subjected to harassment, abuse, discrimination, was forced to work in a hostile work environment and faced adverse employment actions because of animus toward Mr. Willy's exhibition of behavior considered to be stereotypically inappropriate for men.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 60 of the Complaint.

US.121293476.02

61.     The animus was condoned and allowed to continue by ignoring the actions undertaken by employees of Eli Lilly, and the refusal to issue corrective actions upon reporting, and instead punishing Mr. Willy.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

**ANSWER:**  Lilly denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant's conduct was deliberate, willful, and in reckless disregard for Mr. Willy's civil rights.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 63 of the Complaint.

64.     Mr. Willy has suffered damages as a result of Defendant's unlawful conduct.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 64 of the Complaint.

## COUNT IV

### (Title VII — Sexual Orientation Discrimination, 42 U.S.C. §2000(e), *et. seq.*)

65.     Plaintiff hereby incorporates rhetorical paragraphs 1 through 64 of his Complaint as if fully set forth herein.

**ANSWER:**  Lilly incorporates by reference its answers to Paragraphs 1 through 64 of the

Complaint as if fully set forth herein.

66.     Mr. Willy was subjected to harassment, discrimination, less favorable terms, conditions and different job assignments in his employment with the Defendant because of his sexual orientation.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

**ANSWER:**  Lilly denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant's conduct was deliberate, willful, and in reckless disregard for Mr. Willy's civil rights.

**ANSWER:**  Lilly denies the allegations contained in Paragraph 68 of the Complaint.

69.     Mr. Willy has suffered damages as a result of Defendant's unlawful conduct.

US.121293476.02

**ANSWER:** Lilly denies the allegations contained in Paragraph 69 of the Complaint.

## COUNT V

### (Title VII — Retaliation/Failure to Investigate/Constructive Discharge, 42

### U.S.C. §20000, *et. seq.*)

70.     Plaintiff hereby incorporates rhetorical paragraphs 1 through 69 of his Complaint as if fully set forth herein.

**ANSWER:** Lilly incorporates by reference its answers to Paragraphs 1 through 69 of the

Complaint as if fully set forth herein.

71.     Mr. Willy was subjected to less favorable terms, conditions and different job assignments in his employment with the Defendant because of his reporting of harassment, a hostile work environment, and discrimination and was constructively discharged.

**ANSWER:** Lilly denies the allegations contained in Paragraph 71 of the Complaint.

72.     Eli Lilly knowingly and intentionally refused to adequately and sufficiently investigate Mr. Willy's complaints.

**ANSWER:** Lilly denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

**ANSWER:** Lilly denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant's conduct was deliberate, willful, and in reckless disregard for Mr. Willy's civil rights.

**ANSWER:** Lilly denies the allegations contained in Paragraph 74 of the Complaint.

75.     Mr. Willy has suffered damages as a result of Defendant's unlawful conduct.

**ANSWER:** Lilly denies the allegations contained in Paragraph 75 of the Complaint.

### RELIEF REQUESTED

Each of the above counts constitutes a separate violation of 42 U.S.C. § 2000e, *et seq*. For each of these violations, Jeffrey A. Willy seeks to recover the following:

1.     compensatory damages in an amount to be determined by a jury;

2.     punitive damages in an amount to be determined by a jury;

3.     reasonable expenses, including but not limited to attorney fees pursuant to 42 U.S.C. § 2000e, *et seq*.; and

4.     any further relief that may be appropriate.

**ANSWER:**  Lilly admits that Plaintiff seeks to recover the damages and relief listed in the "RELIEF REQUESTED" section of the Complaint.  Lilly denies that Plaintiff is entitled to the damages and relief set forth in the "RELIEF REQUESTED" section of the Complaint or otherwise and denies each and every Complaint allegation not expressly admitted in this Answer.

## ADDITIONAL DEFENSES

1.     One or more of Plaintiff's claims may fail to state a claim upon which relief may be granted.

2.     Plaintiff cannot establish any discriminatory or retaliatory conduct, and even if a jury were to find to the contrary, Lilly would have made the same decisions and taken the same actions regardless of Plaintiff's allegedly protected status.

3.     To the extent any of Plaintiff's claims are untimely under the applicable statutes of limitation, they are barred.

4.     To the extent Plaintiff did not properly pursue and/or exhaust administrative remedies, his claims are barred.

5.     To the extent Plaintiff's claims were not brought within 90 days of his receipt of the EEOC's Dismissal and Notice of Rights, they are barred.

6.     To the extent Plaintiff can establish liability and damages, which Lilly denies, Lilly has no liability for damages caused by Plaintiff's failure to mitigate.

7.     Any damages alleged by Plaintiff may be subject to off-set by other and/or subsequent income he received.

8.      Lilly acted in good faith at all times, and all decisions made by Lilly and all actions relating in any way to Plaintiff were legitimate, nondiscriminatory, and nonretaliatory.

9.      Lilly at all times exercised reasonable care to prevent and correct promptly any allegedly harassing behavior, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Lilly or otherwise to avoid harm.

10.     To the extent Plaintiff can establish liability and damages, which Lilly denies, Lilly may not be liable for punitive damages to the extent any of its agents made decisions contrary to its good faith efforts to comply with the law.

11.     To the extent Plaintiff is seeking punitive damages on claims for which such damages are recoverable by law and can establish liability, Plaintiff is not entitled to punitive damages because Lilly's actions were not malicious, egregious, in bad faith, or in willful or reckless disregard of any legal rights of Plaintiff.

12.     Lilly does not consent to a trial by jury of any issue not required to be tried by a jury, including, but not limited to, any determination of equitable remedies.

13.     Because the Complaint is pled in conclusory terms, Lilly cannot fully anticipate all affirmative defenses that may be applicable to this action and, therefore, reserves the right to assert any and all additional and/or affirmative defenses that may become applicable based on information learned during discovery.

WHEREFORE, Lilly prays that Plaintiff take nothing by way of his Complaint, the Court enter judgment against Plaintiff and in favor of Lilly, and the Court award Lilly its costs in this action and all other just and proper relief.

- 13 -

Respectfully submitted,

By:/s/ Amanda L. Shelby
Amanda L. Shelby (#27726-49)
Adriana Figueroa (#33776-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  317-237-0300
Facsimile: 317-237-1000
Email:   amanda.shelby@faegrebd.com
            adriana.figueroa@faegrebd.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2019, the foregoing was filed electronically.  The parties

may access this filing through the Court's system.  Notice of this filing will be sent to the attorneys

of record by operation of the Court's electronic filing system, including:

Brandon E. Tate
TATE & BOWEN LLP
156 East Market Street, Suite 300
Indianapolis, IN 46204
317.296.5294
brandon.tate@tatebowenlaw.com

Tarah M. Baldwin
BALDWIN MAPLES & WILLIAMS, LLC
6856 North Keystone Avenue
Indianapolis, IN 46220
317.871.1948
tarah@bmw.law

/s/ Amanda L. Shelby

- 14 -

US.121293476.02